**Clement & Murphy**
PLLC

June 14, 2023

Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:    *Nat'l Shooting Sports Foundation, Inc. v. Attorney General New Jersey*, No. 23-1214

Dear Ms. Dodszuweit:

      Pursuant to FRAP 28(j), Appellant apprises this Court of the Supreme Court's decision in *Health and Hospital Corporation of Marion County v. Talevski*, No. 21-806 (U.S.), which reinforces the conclusion that 42 U.S.C. §1983 supplies a cause of action to enjoin the Attorney General from violating the PLCAA.

      *Talevski* confirmed that the need for a statute to "unambiguously confe[r]" rights is specific to the spending power context—and thus inapplicable here—because "the typical remedy for state noncompliance with federally imposed conditions is … action by the Federal Government to terminate funds." Slip.op.13. That is not an option vis-à-vis a statute that, like the PLCAA, prohibits states (and others) from taking actions that Congress finds would violate the constitutional rights of the benefitted class. 15 U.S.C. §7901(a)(7).

      *Talevski* also rejected the argument, echoed by New Jersey here, that "a statutory provision fails to secure rights simply because it considers, alongside the rights bearers, the actors that might threaten those rights." Slip.op.16. And *Talevski* reiterated "that it is the defendant's burden to show that a right otherwise secured by law is not §1983 enforceable," by showing that a statute either "expressly forbid[s] §1983's use" or "creat[es] a comprehensive enforcement scheme that is incompatible with individual enforcement under §1983." Slip.op.17 & n.13. The PLCAA does neither. It says not a word about §1983, and it supplies no alternative scheme to affirmatively enforce its command that "qualified civil liability action[s] may not be brought." 15 U.S.C. §7902(a).

      In all events, even if the PLCAA somehow eliminated §1983 actions, no cause of action is needed to enjoin states from violating federal law. Whatever the Sixth Circuit may have said about that in 2014, NJ.Br.20 n.2, the Supreme Court reiterated in *2015* that "[t]he ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity," and hence requires no statutory cause of action. *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 327 (2015). That makes this injunctive-relief-only appeal an exceedingly poor vehicle for exploring the state's forfeited argument that the PLCAA cannot be enforced via §1983.

Patricia S. Dodszuweit
June 14, 2023
Page 2 of 2

Respectfully submitted,

s/ Erin E. Murphy
ERIN E. MURPHY
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandra, VA 22314
(202) 742-8900