

**State of New Jersey**

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0080

MATTHEW J. PLATKIN
*Attorney General*

June 20, 2023

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *Nat'l Shooting Sports Foundation v. Att'y Gen. of N.J.* (No. 23-1214)

Dear Ms. Dodszuweit,

Contrary to NSSF's letter, *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, No. 21-806, 2023 WL 3872515 (U.S.), only undermines NSSF's PLCAA claim.

*Talevski* reiterates the precise test NSSF cannot satisfy. For one, *Talevski* explained, plaintiffs claiming "§1983-enforceable rights" face "a demanding bar": showing that the underlying statutory provisions "*unambiguously* confer individual federal rights." *Id.* at *8 (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)). For another, even if a law secures *some* kind of rights, Congress can foreclose rights of action under Section 1983, including by doing so "expressly." *Id.* at *11. Here, PLCAA not only confers a defense to specific "actions" that have been "brought," 15 U.S.C. § 7903(5)(A), but also states that "no provision of [PLCAA] shall be construed to create a public or private cause of action or remedy," *id.* § 7903(5)(C). That *disclaims* the right NSSF posits in this broadscale attack. That PLCAA does not cite Section 1983 specifically, meanwhile, is irrelevant; Congress's decision to foreclose *all* private rights of action simply "demonstrates breadth." *See, e.g.*, *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 499 (1985).



HUGHES JUSTICE COMPLEX · TELEPHONE: (609)376-2791 FAX: (609)292-3508
*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

NSSF's contrary suggestion—that *Talevski* cabined *Gonzaga* to Spending Clause cases—is just wrong. The line NSSF cites makes the unremarkable observation that, "[f]or Spending Clause legislation in particular, … the typical remedy for state noncompliance" is federal withholding of funds. 2023 WL 3872515, at *9 (cleaned up). That hardly suggests *Gonzaga*'s test applies only to Spending Clause cases. And indeed, *Talevski* then proceeds to outline that test, relying in part on *Rancho Palos Verdes v. Abrams*, 544 U.S. 113 (2005)—a non-Spending Clause case.

Finally, though neither *Talevski* nor NSSF's Complaint, JA35 ¶ 36, discuss freestanding "equity" as a basis for private suits, NSSF's eleventh-hour pivot fails. Whatever "judge-made" equitable actions remain available, none can exist in the face of an express statutory disclaimer. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015). After all, litigants "cannot, by invoking … equitable powers, circumvent Congress's" clear exclusions. *Id.* at 328; *see also Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 902-03 (10th Cir. 2017).

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:   /s/ Michael L. Zuckerman
        Michael L. Zuckerman
        Deputy Solicitor General

cc: All counsel (via ECF)